NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1421
_____

UNITED STATES OF AMERICA

v.

DARRYL THOS. AVERETT MITCHELL,
a/k/a Darryl Mitchell a/k/a Darryl Thomas Averett,
                                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-18-cr-00225-001)
District Judge:  Hon. Mitchell S. Goldberg
_____

Submitted Under Third Circuit LAR 34.1(a)
November 12, 2019

Before:  JORDAN, SCIRICA, and RENDELL, *Circuit Judges.*

(Filed: November 27, 2019)
_____

OPINION*
_____

---

*  This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Darryl Thomas Averett Mitchell, convicted of multiple federal crimes, appeals the District Court's application of a sentencing enhancement for obstruction of justice. We will affirm.

## I.    BACKGROUND

Mitchell had two Social Security numbers – one issued to him in the name "Darryl Mitchell" when he was two years old, and the other in the name of "Darryl Thomas Averett" when he was 16. When he applied for his second social security number, Mitchell falsely stated that he had never applied for or received a social security number before. Years later, using that second social security number, Mitchell committed various crimes, including social security fraud, passport fraud, and student loan fraud. In addition, he violated federal law by willfully failing to make court-ordered child support payments. As charged in the indictment, he was in arrears in excess of $195,000.00 on those payments as of March 2018.

On April 24, 2018, Mitchell was arrested pursuant to a complaint and warrant and was held at the Federal Detention Center in Philadelphia, pending trial. While in custody, Mitchell told his sister to attend a grand jury proceeding to prevent witnesses from talking to each other. He instructed his sister to "regulate" the witnesses, to "keep them moving[,]" and to ensure they were not talking to each other. (App. at 45-46.) He also told her to contact one of the witnesses in advance, and he provided her with the witness's name, address, and phone number. Both Mitchell and his sister in fact did communicate with that witness.

2

Mitchell also instructed family members to contact women to whom he owed child support in an effort to have them forgive his outstanding support debt. For example, he told his brother to find out where one of the women lives and works, to visit her, and to get her to forgive the past-due child support because "it appears to be part of their [i.e., the government's] case[.]" (App. at 48.) He told his brother to use "ANY means necessary[.]" (*Id.*) His brother and sister sent text messages and called one of the women.

On May 24, 2018, a grand jury indicted Mitchell on four counts of social security fraud, one count of passport fraud, two counts of willful failure to pay child support, and three counts of student loan fraud. A few months later, Mitchell pled guilty to the indictment in its entirety. At sentencing, the government and the Probation Office argued that Mitchell's base offense level under the guidelines should be enhanced pursuant to U.S.S.G. § 3C1.1 because of his attempts to tamper with grand jury witnesses. The District Court agreed and, in calculating Mitchell's sentencing range, applied that obstruction-of-justice enhancement. Mitchell timely appealed.

## II. DISCUSSION[1]

Mitchell argues that the District Court erred in applying the obstruction-of-justice sentencing enhancement because the government did not show that his conduct was willful and capable of impeding the investigation or prosecution. We disagree.

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. "We review the factual determinations underlying a sentence for clear error. A finding is clearly erroneous when, although there is evidence to support it, the reviewing body on the entire evidence

3

Section 3C1.1 of the Sentencing Guidelines provides:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels.

U.S.S.G. § 3C1.1 (emphasis omitted). "'Willfully' in this context means deliberately or intentionally; in other words, not negligently, inadvertently, or accidentally." *United States v. Douglas*, 885 F.3d 145, 152 (3d Cir. 2018) (internal quotation marks omitted). The government bears the burden of proving by a preponderance of the evidence that the enhancement applies. *Id.*

The District Court did not clearly err in concluding that Mitchell's efforts to keep grand jury witnesses from talking to each other was an attempt to obstruct the government's investigation. Mitchell argues that he was just trying to make sure that his paramours did not find out about each other and that the sequestration of witnesses could not impact the government's investigation. But there was sufficient evidence for the District Court to reject those arguments and conclude that his conduct amounted to

---

is left with the definite and firm conviction that a mistake has been committed." *United States v. Douglas*, 885 F.3d 145, 150 n.3 (3d Cir. 2018) (internal quotation marks and citations omitted). "[W]e review the District Court's application of the Guidelines to facts for abuse of discretion … ." *United States v. Thung Van Huynh*, 884 F.3d 160, 165 (3d Cir. 2018). "But where the Guidelines set[ ] forth a predominantly fact-driven test, [the clear error and abuse of discretion] standards become indistinguishable, because we would find that the Court had abused its discretion in applying the enhancement based on a particular set of facts only if those facts were clearly erroneous." *Id.* (alteration in original) (internal quotation marks omitted). On this record, review for clear error is appropriate.

obstruction. For example, Mitchell instructed his family to "regulate" the grand jury witnesses, to "keep them moving[,]" and to ensure that they were not talking to each other. (App. at 45-46.) It was not clearly erroneous for the District Court to conclude that Mitchell was trying to influence the witnesses' testimony before the grand jury.

Similarly, the District Court did not clearly err in determining that Mitchell's efforts to get the mothers of his children to forgive his arrearage in child support payments was an attempt to obstruct the government's case against him. He argues that he was simply trying to work out his child support obligations and that the government's case would not have been affected had the women done as he asked. But again, there is ample evidence in the record to support the District Court's conclusion. For example, Mitchell told his brother to seek out one of the women and get her to forgive the child support debt because he was worried the existence of the debt was part of the government's case against him. And had the women forgiven his arrears, it could well have affected the government's ability to prove the charge of willful failure to pay child support, as well as the amount of restitution Mitchell was ultimately ordered to pay.

## III. CONCLUSION

We discern no error in the District Court's decision to apply the obstruction-of-justice-sentencing enhancement, and so will affirm.

5